IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **JOSEPH EDWARD HUDAK,** | : | Bankruptcy No. 05-20010-MBM |
| | : | |
| Debtor. | : | |
| ............................................................. | : | ....................................................... |
| **Joseph E. Hudak,** | : | |
| Movant, | : | Chapter 7 |
| | : | |
| v. | : | |
| | : | Adversary No. 05-3328-MBM |
| **Pennsylvania Lawyers Fund for** | : | |
| **Client Security, et. al.,** | : | |
| Respondents. | : | |

## MEMORANDUM

**AND NOW,** this **14th day** of **June, 2006**, upon consideration of

(a)     the motion for equitable relief filed by Joseph Hudak, the instant debtor

(hereafter "the Debtor"), which motion, rather than an adversary complaint,

commenced the instant adversary proceeding, wherein the Debtor names

as respondents the Pennsylvania Lawyers Fund for Client Security

(hereafter "the Fund"), the Disciplinary Board of the Supreme Court of

Pennsylvania (hereafter "the Board"), and the Office of the Disciplinary

Counsel of the Board (hereafter "the ODC"), and wherein the Debtor

seeks as relief (i) a declaration that the claim of the Fund is discharged by

virtue of the Debtor's Chapter 7 discharge (Part 1), (ii) a determination that

the Fund's claim, for several nonbankruptcy reasons, is invalid and should

therefore be disallowed (Parts 2 – 4), and (iii) a determination as to the

proper amount of a claim by the Board for costs imposed upon him by

virtue of a March 1, 2005 order of the Pennsylvania Supreme Court (hereafter "the Board's Claim") or, alternatively, a determination that such claim of the Board is discharged by virtue of his Chapter 7 discharge (Part 5);

(b)  the motion by the aforesaid respondents (hereafter "the Judicial Respondents") for summary judgment in the instant adversary proceeding; and

(c)  the Judicial Respondents' Memorandum of Law in support of their summary judgment motion, as well as the Debtor's Answer to such motion;

and subsequent to notice and a hearing on the Judicial Respondents' summary judgment motion held on June 8, 2006, at which time the Court ruled that it would (a) grant such motion with respect to Parts 2 – 5 of the Debtor's motion for equitable relief, and (b) deny such motion with respect to Part 1 of the Debtor's motion for equitable relief,

it is **hereby determined that the Court, for the reasons briefly set forth below, shall issue an order that**

**(a)  grants the Judicial Respondents' summary judgment motion with respect to Parts 2 – 4 of the Debtor's motion for equitable relief, and**

**(b)  denies the Judicial Respondents' summary judgment motion with respect to Parts 1 & 5 of the Debtor's motion for equitable relief**.

The Judicial Respondents seek summary judgment on the ground that the

Court lacks subject matter jurisdiction over each part of the Debtor's motion for equitable relief. The Judicial Respondents predicate their position that the Court lacks such subject matter jurisdiction, in turn, on the following, namely (a) an application of the Rooker–Feldman doctrine, (b) an argument that none of the relief sought by the Debtor in his motion for equitable relief will have an effect upon the administration of the Debtor's bankruptcy estate, and (c) the applicability of 11 U.S.C. § 362(b)(4) to the post-petition actions that were taken by the Judicial Respondents against the Debtor.

As an initial matter, the Court notes that it is puzzled by the Judicial Respondents' reliance on § 362(b)(4) to support their summary judgment motion. Such provision, when it is applicable, merely operates to shield from the effect of the automatic stay imposed under 11 U.S.C. § 362(a) actions that parties may take post-petition against a debtor. Such provision does not operate in any way to circumscribe the Court's subject matter jurisdiction over causes of action that are brought before it. Therefore, the Court holds that § 362(b)(4) does not operate in any way to lend support to the Judicial Respondents' summary judgment motion.[1]

As for the remainder of the Judicial Respondents' position, the Court agrees with them that the Rooker–Feldman doctrine operates to preclude the

---

[1] The applicability of § 362(b)(4) to any post-petition actions taken by the Judicial Respondents would be relevant to an action by the Debtor (a) to have the automatic stay enforced as against the Judicial Respondents, and/or (b) for damages sought on the ground that the Judicial Respondents, by taking such post-petition actions, willfully violated the automatic stay. However, the Debtor has thus far failed to commence any such action.

Court from (a) addressing whether the Fund's claim is invalid and, thus, disallowable, and (b) thus granting the relief sought by the Debtor in Parts 2 – 4 of his motion for equitable relief. "[T]he Rooker-Feldman doctrine prevents aggrieved parties from collaterally attacking state court judgments in the lower federal courts." Colonial First Properties, LLC v. Henrico County Virginia, 236 F.Supp.2d 588, 595 (E.D.Va. 2002); *see also* Marshall v. Lauriault, 372 F.3d 175, 180 (3rd Cir. 2004) (same). As the Court understands it, the only argument that the Debtor registers in opposition to the Judicial Respondents' Rooker-Feldman position is that (a) the Fund's claim against him arose not by virtue of a state court decision but rather by virtue of nothing other than a decision by the judicial body that administers the Fund, and (b) decisions other than those by courts are insufficient to invoke the bar of the Rooker-Feldman doctrine. Unfortunately for the Debtor, the Rooker-Feldman doctrine operates to bar federal courts, such as is this one, from overturning the decision of a state judicial body (i.e., a body that operates as an arm of a state's highest court or its court system), particularly a state judicial disciplinary body as is that which established the Fund's claim. *See* Allstate Insurance Co. v. West Virginia State Bar, 233 F.3d 813, 817-820 (4th Cir. 2000); LaCava v. New York State Commission on Judicial Conduct, 299 F.Supp.2d 176, 179 (S.D.N.Y. 2003). Therefore, the Rooker-Feldman doctrine, by itself, supports a grant of summary judgment in the Judicial Respondents' favor vis-a-vis Parts 2 – 4 of the Debtor's motion for equitable relief.[2]

---

[2]As an aside, the Court holds as well that the Debtor is likely barred by virtue of *res judicata* from (a) attacking the validity of the Fund's claim, and (b)

The Court also holds that, even were the Rooker-Feldman doctrine not to apply to such Parts 2 – 4 as set forth above, the Court nevertheless lacks subject matter jurisdiction over such Parts. The Court so holds because, it holds in turn, addressing whether the Fund's claim is invalid and, thus, disallowable, which relief is that which is sought by the Debtor in Parts 2 – 4 of his motion for equitable relief, will not have any effect upon the administration of the Debtor's bankruptcy estate. The latter conclusion follows because the instant bankruptcy case is a no-asset Chapter 7 case, *see* Trustee's Report of No Distribution, Docket No. 85 (filed 3/11/06),[3] that is a Chapter 7 case where no assets will be distributed to unsecured creditors. *See* In re Foundation for New Era Philanthropy, 201 B.R. 382, 390 (Bankr.E.D.Pa. 1996) ("in a no-asset chapter 7

---

thus obtaining the relief that he seeks in Parts 2 – 4 of his motion for equitable relief. The Court so holds because (a) the Pennsylvania rules of *res judicata*, which rules apply in the instant matter given that the decision establishing the Fund's claim was not rendered by a federal court, confirm, *inter alia*, that "[a] decision need not be by a court of record to be *res judicata*," 28 P.L.E.2d *Judgment* § 254 at 328 (Bender 2003); *see also* City of McKeesport v. Pennsylvania Public Utility Commission, 442 A.2d 30, 31 (Pa.Commw.Ct. 1982) (*res judicata* is applicable to decisions of administrative agencies), (b) the decision by the judicial body that administers the Fund which served to establish the Fund's claim is thus entitled to be accorded *res judicata* effect provided the other elements of *res judicata* are present, and (c) such other elements, the Court summarily concludes, are present with respect to the decision that established the Fund's claim.

[3]The Court is aware of the two relatively recent actions that the Debtor has brought for libel/slander/defamation, for which actions the reference to this Court has already been withdrawn by the Debtor's opposition therein. Such actions, however, because they are predicated solely upon acts alleged by the Debtor to have occurred post-petition, cannot constitute assets of the Debtor's bankruptcy estate. Thus follows the Court's conclusion that the instant bankruptcy case remains a no-asset Chapter 7 case.

case ... generally there is no reason to hear a challenge to an unsecured proof of claim, since the size of the claim is irrelevant"). Therefore, a grant of summary judgment in the Judicial Respondents' favor vis-a-vis Parts 2 – 4 of the Debtor's motion for equitable relief is warranted at this time. The Court notes as well that, for the same reason that resolving Parts 2 – 4 of the Debtor's motion for equitable relief will not have any effect upon the administration of the Debtor's bankruptcy estate, making a determination as to the proper amount of the Board's Claim, which determination the Debtor seeks as relief in Part 5 of his motion for equitable relief, will likewise not have any effect upon the administration of the Debtor's bankruptcy estate; accordingly, the Court lacks subject matter jurisdiction to undertake such determination.[4]

However, the Court holds that it possesses subject matter jurisdiction to determine whether, on the one hand, the claims of the Fund and the Board are dischargeable by way of the Debtor's Chapter 7 discharge, or whether, on the other hand, such claims are nondischargeable pursuant to 11 U.S.C. § 523(a), that is whether such claims are excepted from the Debtor's Chapter 7 discharge. The Court furthermore holds that it possesses such subject matter jurisdiction regardless of whether such dischargeability determination affects the administration of the Debtor's bankruptcy estate. The latter holding follows

---

[4]The Court notes that the Rooker-Feldman doctrine and *res judicata* would likely not bar the Debtor's request in his Part 5 for a determination as to the proper amount of the Board's Claim given that the Pennsylvania Supreme Court, in its March 1, 2005 order that imposed such obligation on the Debtor, failed to rule in any way as to the proper amount of such obligation.

because (a) the test of whether a civil proceeding affects the administration of a debtor's bankruptcy estate is only relevant to the issue of whether such civil proceeding is "related to" a bankruptcy case so as to establish a bankruptcy court's subject matter jurisdiction over such civil proceeding pursuant to 28 U.S.C. § 1334(b), *see* Halper v. Halper, 164 F.3d 830, 837 (3rd Cir. 1999) (quoting Pacor v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)); 1 Collier on Bankruptcy ¶ 3.01[4][c][ii][B] at 3-25 to 3-26 (Bender 2006), (b) a bankruptcy court, pursuant to 28 U.S.C. § 1334(b), possesses subject matter jurisdiction not only over civil proceedings that are "related to" a bankruptcy case but also over civil proceedings that arise under title 11 (i.e., the Bankruptcy Code) or that arise in a case under title 11, *see* 28 U.S.C.A. § 1334(b) (West 1993), (c) dischargeability determinations constitute core proceedings, which proceedings are nothing other than civil proceedings that either arise under title 11 or arise in a case under title 11, *see* 28 U.S.C.A. § 157(b)(1) & (2)(I) (West 1993), and (d) a bankruptcy court thus possesses subject matter jurisdiction over a dischargeability determination even if such civil proceeding is not related to a bankruptcy case in the sense that it affects the administration of a debtor's bankruptcy estate.

  Finally, the Court holds that the Rooker–Feldman doctrine does not operate to bar the Court from making a dischargeability determination regarding debts of the Debtor. The Court so holds because (a) the Rooker-Feldman doctrine, as set forth above, prevents aggrieved parties from collaterally attacking state court judgments in the lower federal courts, and (b) a dischargeability

determination regarding debts of the Debtor has never been the subject of any state court decision.

Because dischargeability determinations are sought by the Debtor in both Part 1 and Part 5 of his motion for equitable relief, and since the Judicial Respondents have not yet asserted any meritorious ground for obtaining summary judgment regarding such dischargeability determinations, the Court must deny the Judicial Respondents' summary judgment motion as it respects such Parts 1 & 5.[5]

For all of the foregoing reasons, the Court shall issue the order described at the outset of the instant Memorandum.

**BY THE COURT**

    **/s/**
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

---

[5] As set forth above, the Court, at the hearing on June 8, 2006, orally ruled that it would grant the Judicial Respondents' summary judgment motion with respect to Part 5 of the Debtor's motion for equitable relief. The Court so ruled because, at that time, it was unaware that the Debtor sought a dischargeability determination within such Part – instead, the Court, at such time, thought that the only relief sought by the Debtor therein was a determination as to the proper amount of the Board's Claim, which determination, as set forth above, the Court now holds (a) will not have any effect upon the administration of the Debtor's bankruptcy estate, and (b) it thus may not make for lack of subject matter jurisdiction. However, because the Court is now aware that the Debtor seeks a dischargeability determination in such Part 5, the Court cannot, at least at this time, grant summary judgment in the Judicial Respondents' favor with respect to such Part.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **JOSEPH EDWARD HUDAK,** | : | Bankruptcy No. 05-20010-MBM |
| | : | |
| Debtor. | : | |
| | : | |
| **Joseph E. Hudak,** | : | |
| Movant, | : | Chapter 7 |
| | : | |
| v. | : | |
| | : | Adversary No. 05-3328-MBM |
| **Pennsylvania Lawyers Fund for Client Security, et. al.,** | : | |
| Respondents. | : | |

## ORDER OF COURT

**AND NOW,** this **14th day** of **June, 2006**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that

(a)   the Respondents' summary judgment motion is **GRANTED** with respect to Parts 2 – 4 of the Debtor's motion for equitable relief, and

(b)   the Respondents' summary judgment motion is **DENIED** with respect to Parts 1 & 5 of the Debtor's motion for equitable relief.

**IT IS HEREBY FURTHER ORDERED** that a Status Conference on **Adversary No. 05-3328** shall be heard on **September 14, 2006** at **10:30 a.m.** in Courtroom B, 54th Floor, 600 Grant Street, Pittsburgh, PA 15219.

                                       **BY THE COURT**


                                       /s/_____
                                       **M. BRUCE McCULLOUGH,**
                                       **U.S. Bankruptcy Judge**

cm:   Mary E. Butler, Esq.
      1515 Market Street, Suite 1414
      Philadelphia, PA 19102

      Joseph E. Hudak, Esq.
      P. O. Box 23423
      Fourth Avenue Station
      Pittsburgh, PA 15222

      Office of the U. S. Trustee
      Suite 970 Liberty Center
      1001 Liberty Avenue
      Pittsburgh, PA 15222